**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.   3:19-CV-00751-CHL**

**JERRY MCGATLIN ,**                                                                                              **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY ,**                                                         **Defendant.**

### MEMORANDUM OPINON AND ORDER

Before the Court is Plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. §406(b).  (DN 24.)  In the motion, Plaintiff seeks an order: (1) approving a fee in the amount of $9,087.50 to be paid from Plaintiff's past-due benefits; and (2) directing the Commissioner shall pay the U.S. Marshall $24.00 in for service fees.  (*Id.*, at PageID # 1225.)  The Commissioner has filed a response in which she does not oppose the request for attorney fees but opposes an award of service fees.  (DN 27, at PageID # 1247.)

Pursuant to 42 U.S.C. § 406(b), attorney fees are properly awarded to a claimant who succeeds on her Social Security Appeal before the federal court.  *Allan v. Comm'r*, No. 10-11651, 2014 WL 1818110, at *1 (E.D. Mich. May 7, 2014).  A judgment issued by the federal court either awarding benefits or remanding the matter to the Commissioner may be considered favorable within the meaning of the statute, so long as the claimant is awarded benefits by reason of the judgment.  *See Nolan v. Comm'r of Soc. Sec.*, No. 4:11-CV-5, 2013 WL 5937908, at *1 (E.D. Tenn. Nov. 5, 2013) (citing *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006)).  Notably, the statute expressly directs the fee award is not to exceed 25% of the total past-due benefits to which the claimant is entitled:

>  (b) Fees for representation before court

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnote omitted)). Notably, fee awards may be made under both EAJA and § 406(b), but when this happens, "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* at 796.

A court may award attorney fees only for work performed before it. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). The Sixth Circuit has instructed the 25% cap in the statute should be used as a benchmark when evaluating the reasonableness of attorney fees, but it should not be considered per se reasonable. *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Next, courts should determine whether the claimant and the claimant's counsel have executed a fee agreement and, if they have, give due deference to their expressed intentions. *See id.* There is a rebuttable presumption that counsel will receive the full 25% contingency fee under a fee agreement. *See id.* If a court decides not give effect to the terms of the fee agreement, it should identify the deductions being made and articulate the reasons for doing

2

so. *See id.* Generally, deductions fall into the following categories: (1) those caused by counsel's improper conduct or ineffectiveness; and (2) situations were counsel would receive an undeserved windfall due to an exceedingly large back pay award or a minimal amount of effort (*e.g.*, submitting boilerplate pleadings, no legal research is apparent) expended on the case. *See id.* at 746-47.

Here, the Court rendered a judgment favorable to Plaintiff because: (1) it remanded his case to the Commissioner (DN 19, 20); and (2) he was awarded Social Security Disability Benefits by reason of the judgment. Having determined the prerequisite satisfied, the Court will address counsel's request for a fee payable out of Plaintiff's past-due benefits.

The Sixth Circuit described the applicable analytic framework in *Lasley v. Comm'ner of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014). Lasley's counsel sought a Section 406(b) fee in the amount of $26,049.73 (the full 25 percent of withheld benefits based on 35.5 hours of court work). *Id.* at 308. The Commissioner argued that awarding counsel that much would constitute a "windfall" to counsel. *Id.* at 309. The district court agreed with the Commissioner, reduced the fee to $12,780, the amount proposed by the Commissioner (35.5 hours x $360 per hour), and the Sixth Circuit affirmed. *Id.* The Sixth Circuit held that $360 per hour was "per se reasonable" because it was not more than "twice the standard rate" of $180 per hour, applicable to Section 406(b) fee requests in the Southern District of Ohio. *Id.* (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991)).

Magistrate Judge H. Brent Brennenstuhl recently conducted a survey of relevant caselaw and determined that the standard rate in the Western District of Kentucky is $140 per hour. *Carter v. Comm'r*, No. 4:15-CV-00058-HBB, 2019 WL 4169895, at *6 (W.D. Ky. Sept. 3, 2019). In this case, therefore, a fee of $8,988 (32.1 hours x $280 per hour) would be *per se* reasonable.

Here, Plaintiff and his counsel entered into a presumptively reasonable contingency fee arrangement for 25% of any past-due benefits recovered, an amount that ultimately totaled $58,747.50. (DN 23-4, at PageID # 1233; DN 23-5, at PageID # 1235.) Plaintiff's counsel seeks an award of $9,087.50, roughly 15.5% of the amount Plaintiff's past-due benefits, which is well within the 25% cap. Dividing requested fee amount by the hours counsel expended representing Plaintiff in this Court (32.1 hours) yields a hypothetical hourly rate of roughly $283.10. This amount exceeds the *per se* reasonable amount of $280. However, a "hypothetical hourly rate that is equal to or greater than twice the standard rate may [also] well be reasonable." *Lasley v. Comm'r*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting *Hayes*, 923 F.2d at 422). Because counsel a highly experienced in representing Social Security plaintiffs in the Western District of Kentucky, the Court finds that counsel is entitled to $283.10 per hour.

The Court also finds that Plaintiff is entitled to the $24 in costs for service of process. Notwithstanding the Commissioner's argument that service fees do not constitute fees for representation compensable under Section 406(b), Plaintiff may recover service fee costs as the prevailing party in this litigation. "[A] judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). Section 1920 lists "[f]ees of the clerk and marshal" as taxable costs. 28 U.S.C. § 1920(a). Here, a separate award of costs for service of process is appropriate because Plaintiff reasonably and necessarily incurred the cost. (*See* DN 24-4, at PageID # 1234) (Plaintiff's fee agreement with counsel, providing that Plaintiff is responsible for necessary costs). *See also*

4

*Griffin v. Colvin*, No. CV 15-535-E, 2016 WL 845254, at *6 (C.D. Cal. Mar. 4, 2016) (collecting cases in which costs for court fees were awarded to successful social security plaintiffs.)

Accordingly,

IT IS HEREBY ORDERED as follows:

1. DN 24 is **GRANTED**.

2. Attorney Alvin D. Wax is awarded a fee for legal services, under 42 U.S.C. § 406(b), in the amount of $9,087.50.

3. The Commissioner shall pay attorney Alvin D. Wax $9,087.50 from Plaintiff's past-due benefits being withheld for payment of attorney fees.

4. The Commissioner shall pay the United States Marshall costs in the sum of $24.00.

5. Alvin D. Wax shall refund to Plaintiff the $4,675 previously awarded pursuant to 28 U.S.C. § 2412.

September 9, 2021

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record